UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Benjamin Morales** | : | 3:19 CV  192   (XXX    ) |
| **Iris Gracia** | : | |
| **Benjamin Morales, PPA, Iris Gracia** | : | |
| **And Irianys Morales, PPA Iris Gracia** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Adam Rembisz** | : | |
| **Jonathan Webster** | : | |
| **Karl Mortasiewicz** | : | |
| **Darius Conaway** | : | |
| **Donald Anderson** | : | |
| | : | February 11, 2020 |

# COMPLAINT

<u>Count One</u>        <u>42 U.S.C. Section 1983    (False Arrest)</u>

1. The New Britain Police were seeking to apprehend Benjamin Morales for the murder of his girlfriend Alice Marie Figueroa on February 4, 2019.

2. The New Britain Police Department developed information that Benjamin Morales was in a hotel in Southington, CT and contacted the Southington, CT Police Department.

3. Southington Police solicited the assistance of the Central Regional SWAT team who assembled their team, including snipers, hostage negotiators, and additional police.

4. The unit further commanded a BEARCAT from the West Hartford Police Department, which is an armored vehicle tank like vehicle.

5. The collective "team" met for a pre-takedown staging meeting.

6. The collective team, despite its presumable preparedness to engage

in such actions, neglected to adequately secure a crucial piece of information, the identifying details of the murder suspect.

7. As a result of the reckless conduct of the defendants, on February 5, 2019 plaintiff Benjamin Morales and his family were wrongfully detained when the defendants falsely accused him of being an individual wanted for murder.

8. The defendants' conduct rose to the level of a constitutional violation by failing to confirm the identity of Benjamin Morales to a wanted person with the same common name.

9. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiffs to be free from false arrest and detention, undue bodily restraint, and the denial of substantive due process rights afforded by the Constitution and laws of the United States and the State of Connecticut.

10. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343 and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Connecticut.

11. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

12. During all times mentioned in this action, plaintiff Benjamin Morales, is an adult citizen of the United States, residing in Waterbury, CT.

13. During all times mentioned in this action, plaintiff, Iris Gracia, is an

adult citizen of the United States, residing in Waterbury, CT. She is the wife of plaintiff Benjamin Morales.

14. During all times mentioned in this action, plaintiffs, Benjamin Morales and Irianys Morales, are the minor children of plaintiff Benjamin Morales and Iris Gracia, and are citizens of the United States, residing in Waterbury, CT.

15. This action is being brought on their behalf by the mother, Iris Gracia.

16. Defendant Adan Rembisz, during all times mentioned in this action, was and is a duly appointed officer in the New Britain Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

17. Defendant Jonathan Webster, during all times mentioned in this action, was and is a duly appointed officer in the New Britain Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

18. Defendant Karl Mortasiewicz, during all times mentioned in this action, was and is a duly appointed officer in the New Britain Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

19. Defendant Darius Conaway, during all times mentioned in this action, was and is a duly appointed officer in the New Britain Police Department, acting in his official capacity.  He is sued, however, only in his

individual capacity.

20. Defendant Donald Anderson, during all times mentioned in this action, was and is a duly appointed officer in the New Britain Police Department, acting in his official capacity. He is sued, however, only in his individual capacity.

21. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages, of the State of Connecticut and the City of New Britain.

22. The defendants were seeking to execute an arrest warrant for murder upon Benjamin Morales, date of birth, March 12, 1976.

14. The defendants unlawfully restrained the physical liberty of the plaintiff.

15. The defendants failed to timely identify the suspect they were seeking and failed to timely discharge the plaintiff from custody.

16. Plaintiff Benjamin Morales was detained without probable cause or reasonable suspicion, and was falsely detained, falsely arrested and held in custody for an unreasonable period of time.

17. Plaintiffs Iris Gracia and her the tow minor plaintiffs were held without probable cause or reasonable suspicion and were falsely detained, for an unreasonable period of time.

18. The minor plaintiffs were separated from their parents and placed in separate hotel room.

19. Plaintiff Iris Gracia was detained, handcuffed and removed from her hotel room.

20. Plaintiff Benjamin Morales was falsely arrested, charged with murder, placed in custody and transported to the New Britain Police Department from Southington.

21. Despite protesting his identity as the man wanted for murder the defendants refused to investigate his claim.

22. It was not until the time that the plaintiff had been transported to the New Britain Police Department for processing on the murder that an officer realized that they had arrested the wrong Benjamin Morales

23. The plaintiff was then placed back in handcuffs and driven back to the Southington Hotel in the rear of a police vehicle as if he was still a wanted criminal.

24. Defendants acted with malice when charging the Plaintiff.

25. The reckless actions of the defendants were unjustified, unreasonable, and unlawful.

26. The defendants knew or should have known that severe emotional distress was the likely result of such conduct.

27. As direct and proximate result of the actions of the defendants, the Plaintiffs suffered severe emotional distress including great humiliation, embarrassment, anxiety, stress, emotional and mental upset, loss of sleep,

and loss of time from personal pursuits.

28. The Plaintiffs' distress was foreseeable and severe enough to cause illness or bodily harm.

29. The acts of the defendants were reckless, wanton, willful and malicious and outside the scope of their official employment.

30. As a result of the conduct of the defendants, the plaintiffs sustained injury and damages.

**Count Two:** **Reckless Infliction of Emotional Distress**

1-30. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through thirty of Count Two.

31. The actions of the defendants constituted a reckless infliction of emotional distress upon the Plaintiffs.

**Count Three:** **Negligent Infliction of Emotional Distress**

1-30. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through thirty of Count Three.

31. The defendants' conduct created an unreasonable risk of causing severe emotional distress.

32. In the manner described above, the injuries to plaintiffs were the direct and proximate result of the negligent actions of the Defendants.

34. The actions of the defendants constituted the negligent infliction of emotional distress upon the Plaintiffs.

35. As a result of the conduct of the defendants, the plaintiffs sustained injury and damages.

**Count Four:            Invasion of Privacy**

1-30. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through thirty of Count Four.

31. The actions of the Defendants, including the plaintiffs unlawful detention, constituted an intrusion upon his physical solitude and seclusion.

***Count Five:            False Imprisonment***

1-30. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through thirty of Count Five.

31. The defendants intentionally acted in concert to restrain the liberty of Plaintiffs, against their will.

**Count Six:            False arrest**

1-32. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through thirty of Count Six.

33. The reckless conduct of the defendants constituted the false arrest of the plaintiffs.

34. As a result of the conduct of the defendants, the plaintiffs sustained injury and damages.

**COUNT Seven            SLANDER PER SE**

1-30. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through twenty-five of Count Seven.

31. Defendants made false statements about plaintiff Benjamin Morales to third parties, including other police officers and hotel staff.

32. These slanderous statements falsely alleged that Benjamin Morales violated various criminal laws in which an infamous penalty is attached.

33. The defendants' oral false recitations were defamatory to plaintiff Benjamin Morales.

29. The oral publications caused harm to the plaintiff Benjamin Morales.

30. The oral reports resulted in injury to plaintiff Benjamin Morales. including mental suffering, emotional distress, humiliation, and damage to his reputation.

**Count Eight          Bystander Emotional Distress**

1-30. Paragraphs 1-30 of Count One are hereby incorporated as paragraphs 1-30 of Count Eight.

26. Minor Plaintiff Benjamin Morales watched as his father was falsely arrested for murder.

27. After witnessing his father's false arrest, minor Benjamin Morales has difficulty sleeping, is fearful of the police, and had difficulty concentrating in school.

28. Benjamin Morales' emotional distress was so severe as to substantially impair the ability to cope with life's daily routine and demands.

29. The actions of the defendants caused BM to suffer extreme embarrassment, anxiety, humiliation, stress, and emotional distress.

30. The defendants knew or should have known that their conduct would result in an unreasonable risk of causing emotional distress and that distress would result in illness or bodily harm.

31. It is wholly foreseeable that a reasonable person in BM's position would be severely distressed by the defendants' conduct.

32. As a direct and proximate result of the acts of the defendants, as described herein, Benjamin Morales suffered severe emotional distress.

33. In the manner described above, the defendants subjected BM to bystander negligent infliction of emotional distress.

34. The actions of the Defendants resulted in injury and damages to Benjamin Morales.


**Count Nine             Bystander Emotional Distress**

1-30. Paragraphs 1-30 of Count One are hereby incorporated as paragraphs 1-30 of Count Nine.

31. Minor Plaintiff Irianys Morales watched as his father was falsely arrested for murder.

32. After witnessing her father's false arrest, minor Irianys Morales has difficulty sleeping, is fearful of the police, and had difficulty concentrating in school.

33. Iriayns Morales' emotional distress was so severe as to substantially impair the ability to cope with life's daily routine and demands.

34.	The actions of the defendants caused Irianys Morales to suffer extreme embarrassment, anxiety, humiliation, stress, and emotional distress.

35.	The defendants knew or should have known that their conduct would result in an unreasonable risk of causing emotional distress and that distress would result in illness or bodily harm.

36.	It is wholly foreseeable that a reasonable person in Irianys Morales's position would be severely distressed by the defendants' conduct.

37.	As a direct and proximate result of the acts of the defendants, as described herein, Irianys Morales suffered severe emotional distress.

38.	In the manner described above, the defendants subjected Irianys Morales to bystander negligent infliction of emotional distress.

39.	The actions of the Defendants resulted in injury and damages to Irianys Morales.

**Count Ten		Bystander Emotional Distress**

1-30.	Paragraphs 1-30 of Count One are hereby incorporated as paragraphs 1-30 of Count Ten.

31.	Plaintiff Iris Gracia watched as her husband was falsely arrested for murder.

32.	After witnessing her father's false arrest, Iris Gracia has difficulty sleeping, is fearful of the police, and her emotional distress was so severe as to substantially impair the ability to cope with life's daily routine and demands.

33.	The actions of the defendants caused Iris Gracia to suffer extreme embarrassment, anxiety, humiliation, stress, and emotional distress.

34.     The defendants knew or should have known that their conduct would result in an unreasonable risk of causing emotional distress and that distress would result in illness or bodily harm.

35.      It is wholly foreseeable that a reasonable person in Iris Gracia position would be severely distressed by the defendants' conduct.

36.     As a direct and proximate result of the acts of the defendants, as described herein, Iris Gracia suffered severe emotional distress.

38.     In the manner described above, the defendants subjected Iris Gracia to bystander negligent infliction of emotional distress.

39.     The actions of the Defendants resulted in injury and damages to Iris Gracia.

By Their Attorney

*/s/  Robert Berke*

_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

**JURY DEMAND**

The plaintiff requests a trial by jury.

                              By His Attorneys

                              **/s/   Robert Berke**

                              _____
                              Robert M. Berke
                              640 Clinton Avenue
                              Bridgeport, CT 06606
                              203 332-6000
                              203 332-0661 fax
                              Bar No. 22117
                              robertberke@optonline.net

Wherefore, the plaintiff claims:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees;

e) Such other relief as deemed fair and equitable.

By His Attorneys

/s/     **Robert Berke**

_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net